IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**BRUCE A. FERNETT,**

    **Plaintiff,**

v.

**FENTON & McGARVEY**
**LAW FIRM, P.S.C.,**

    **Defendant.**

CASE NO. 2:15-cv-12282

JURY DEMAND

## COMPLAINT

1. This action seeks damages for the defendant's illegal debt collection actions, committed in violation of the Fair Debt Collection Practices Act and the West Virginia Consumer Credit and Protection Act.

## JURISDICTION

2. Plaintiff's federal claims are brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, which includes a statutory grant of district court jurisdiction at 15 U.S.C. §1692k(d).

3. Plaintiff's related state law claims are properly before this Court pursuant to the grant of supplemental jurisdiction in 28 U.S.C. §1367.

4. Venue is proper in this district since it is where plaintiff's cause of action arose.

## PARTIES

5. Plaintiff Bruce A. Fernett is a lifelong resident of West Virginia. He is employed as a security guard by a local Charleston area factory.

6. Mr. Fernett is a natural person defendant has alleged to owe a debt, and is therefore a "consumer" as defined by 15 U.S.C. §1692a (3) and by W. Va. Code §46A-2-122(a).

7. Defendant Fenton & McGarvey Law Firm P.S.C. (Fenton & McGarvey) is a debt collection law firm operating in several states from headquarters in Louisville, Kentucky.

8. According to the firm's Internet advertisements, Fenton & McGarvey is a "full-service" debt collection law firm with more than fifty employees. The firm was established in 2014 when a larger Louisville law firm spun off its debt collection division to bring "a dedicated focus on Creditor's Rights in the footprint states of Kentucky, Indiana, Ohio, Illinois, Georgia, New Mexico, Colorado, and Tennessee."

9. On information and belief, Fenton & McGarvey took over the existing Louisville debt collection law firm of Mapother & Mapother, P.S.C. earlier this year.

10. Fenton & McGarvey represents its clients include credit card issuers, debt buyers, banking institutions, auto lenders and similar providers of consumer credit.

11. The defendant's primary business is the collection of allegedly defaulted consumer debt through the use of the mails, telephones, and other instruments of interstate commerce.

12. Defendant regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due, or asserted to be owed or due, another.

13. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and W. Va. Code §46A-2-122(d).

FACTS

14. In late May, 2015, Mr. Fernett received a letter constituting a debt collection communication from defendant Fenton & McGarvey.

15. This was the first contact he had received from defendant.

16. That letter represented that Mr. Fernett owed a "Current Balance" of $6,071.76 to Springleaf Home Equity, Inc.

17. It also stated that "no attorney with this firm has personally reviewed the particular circumstances of your account."

18. However, the letter was signed "Steven Mulrooney." Steven Mulrooney, on information and belief, is a debt collection attorney who came to Fenton & McGarvey at the time it combined with Mr. Mulrooney's previous employer, Mapother & Mapother, P.S.C.

19. On June 3, 2015, Mr. Fernett's counsel wrote Fenton & McGarvey.

20. His letter informed Fenton & McGarvey that counsel represented Mr. Fernett, and gave counsel's address and contact information.

21. The letter also demanded verification of the alleged debt, in accordance with defendant's duties under federal and state law.

22. Counsel's letter was posted to defendant by certified mail.

23. It was delivered to defendant by the United States Postal Service at 9:42 A.M. on June 8, 2015.

24. Defendant never provided verification of the alleged debt as demanded and as required by federal and state law.

25. On August 7, 2015, defendant mailed a second debt collection letter to Mr. Fernett, directly.

26. That letter was received by Mr. Fernett a few days later.

27. This debt collection letter was unsigned, but was attributed to a "Non-Attorney Account Administrator for Fenton & McGarvey Law Firm, P.S.C."

28. This letter stated an "Amount Claimed Due" of $5,880.20.

29. It made no mention or acknowledgement of Mr. Fernett's demand for verification of the alleged debt or his representation by counsel.

30. Instead, the August debt collection letter urged and encouraged Mr. Fernett to contact Fenton & McGarvey directly, even though Fenton & McGarvey knew or should have known that Mr. Fernett was represented by counsel.

## FIRST CLAIM FOR RELIEF

31. The Springleaf Home Equity, Inc. claim which was the subject of defendant's debt collection communications to Mr. Fernett is a "debt" as defined by 15 U.S.C. §1692a (5).

32. Defendant knowingly employed unfair, deceptive, abusive, and/or unconscionable debt collection practices against plaintiff, in violation of the prohibitions of the Fair Debt Collection Practices Act, including §1692c (communicating with represented debtor), §1692e (false or misleading representations), §1692f (unfair practices), and/or §1692g (failure to validate), to plaintiff's injury.

## SECOND CLAIM FOR RELIEF

33. The Springleaf Home Equity, Inc. claim which is the subject of defendant's debt collection communications to Mr. Fernett is a "claim" as defined by W. Va. Code §46A-2-122(b).

34. Defendant employed fraudulent, deceptive, false and/or misleading representations, and/or unfair or unconscionable means, in collecting or attempting to collect that claim from plaintiff, in violation of the prohibitions of the West Virginia Consumer Credit and Protection Act, W. Va. Code §46A-2-127 and §46A-2-128, to plaintiff's injury.

**WHEREFORE**, plaintiff asks that this Court award all relief to which he may be entitled in law or equity, including:

a. actual damages, including out of-pocket costs and damages;

b. under the Fair Debt Collection Practices Act, statutory damages in the amount of $1,000.00 for each illegal debt collection communication;

c. under the state claims, civil penalties in the amount of $4,800.00 for each separate violation of the WVCCPA;

d. plaintiff's litigation costs, and a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3) and W. Va. Code §46A-5-104.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

**BRUCE A. FERNETT**
**By counsel**

/s/ Gary M. Smith
Gary M. Smith WV Bar #12602
MOUNTAIN STATE JUSTICE
1031 Quarrier Street, Suite 200
Charleston WV 25301
T: (304) 344-3144
F: (304) 344-3145
gary@msjlaw.org
Counsel for Plaintiff

5